IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES E. MAY, JR., : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 22-CV-5007 |
| : | |
| GEORGE W. HILL CORRECTIONAL : | |
| FACILITY, *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM OPINION

**GOLDBERG, J.**                                                                   **March 20, 2023**

*Pro se* Plaintiff Charles E. May, Jr., previously housed as an inmate at the George W. Hill Correctional Facility ("GWHCF"), filed this civil rights action seeking redress for alleged unconstitutional conditions of confinement that he experienced at GWHCF between November 21, 2021 and January 2, 2022. May seeks to proceed *in forma pauperis*. For the following reasons, I will grant May leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). May will be permitted to file an amended complaint.

### I.     FACTUAL ALLEGATIONS

After his release from GWHCF, May filed the instant action complaining about the conditions of his confinement during an approximate two-month period at GWHCF. (Compl. at 4.) May names the following Defendants: (1) GWHCF; (2) Sgt. Grant; (3) Sgt. Jenkins; (4) Sgt. McDevitt; and (5) Sgt. Royales.[1] (*Id.* at 2.)

---

[1] May does not specify whether he seeks to pursue claims against the individual Defendants in their individual and/or official capacity. However, based on the allegations in the Complaint, the Court understands May to be pursuing individual capacity claims only. *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("To determine whether a plaintiff sued state officials in their official capacity, we first look to the complaints and the course of proceedings.").

May alleges that between November 21, 2021 and January 2, 2022, he was "harassed and treated inhumanely" at GWHCF.  (Compl. at 4.)  More specifically, May claims that for a two-week period he "had to sleep without blankets, sheets, towels, and/or rags" in "freezing cold" air temperatures.  (*Id*.)  He also describes being forced to share a cell with a "sickly" person, reports lost legal mail, and complains of an unspecified period of detention "in the hole."  (*Id*.)  With regard to the individually named Defendants, May claims that Sgt. Jenkins "took [his] necessities and froze [his] phone account (without proper write-up)."  (*Id*. at 4.)  He alleges that Sgt. McDevitt "took [his] legal mail/property and put [him] in the hole (without proper writeup)."  (*Id*.).  Finally, May contends that Sgt. Royales "spoke to [him] several times about the conditions of [his] cellmate without response."  (*Id*.).  Based on these allegations, May claims that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment.[2]  (*Id*. at 2.)  He seeks money damages for his lost legal mail as well as mental and physical trauma.  (*Id*. at 5.)

## II.   STANDARD OF REVIEW

I will grant May leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires dismissal of the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient

---

[2]   May makes passing reference to an excessive force claim.  (Compl. at 3.)  The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency.  *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Jackson v. Bueno*, No. 20-0687, 2020 WL 2847925, at *3 (E.D. Pa. June 2, 2020).  Because the Complaint is devoid of allegations about force being used on him by any Defendant, May has not stated an excessive force claim.

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As May is proceeding *pro se*, I construe his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

May asserts constitutional claims against Defendants pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

### A. No Personal Involvement

Initially, certain of May's claims fail because he has failed to describe how the named Defendants were personally involved in the challenged conditions.[3] May states that he slept without bedding for a period of two-weeks in freezing cold temperatures before "receiving new ones," and was "forced to be housed with an affected (sickly) person." (Compl. at 4.) May further contends he spent time "in the hole . . . because someone attacked [him] in his cell." (*Id.*) However, in his recitation of the facts, May does not tie any of these allegations to any specific named Defendant nor does May allege that the conditions existed due to Defendants' personal direction, actual knowledge, or acquiescence. *Rode*, 845 F.2d at 1207; *Dooley v. Wetzel*, 957 F.3d 366, 374 ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'") (quoting *Rode*, 845 F.2d at 1207)); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Accordingly, the Complaint fails to state a plausible claim against any individually named Defendant based on these conditions of confinement.

While May does attribute certain actions to Defendants Jenkins, McDevitt, and Royales, the Complaint contains little in the way of details or information about those Defendants' actions. May claims that "Sgt. Jenkins took [May's] necessities and froze [his] phone account (without proper write up,)" that "Sgt. McDevitt "took [his] legal mail/property and put [him] in the hole

---

[3] Among the Defendants named in this action is GWHCF, the correctional facility where the events giving rise to May's claims took place. However, a correctional facility is not a "person" subject to liability under § 1983. *See Miller v. George W. Hill Delaware Cnty. Corr. Facility*, No. 22-CV-2540, 2022 WL 2669301, at *2 (E.D. Pa. July 11, 2022); *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010). Accordingly, the Court will dismiss all claims against GWHCF with prejudice.

(without proper write up,)" and Sgt. Royales "spoke to [him] several times about the condition of [his] cellmate without response." (Compl. at 4.) However, these allegations fail to provide the necessary details about the "who, what, when, where and why of [May's] claim[s]." *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022) (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at * 4 (D.N.J. Oct. 16, 2019)). With regard to Defendant Grant, the Complaint is silent as to what role, if any, Grant played in the alleged conditions of confinement. Because May provides only vague and conclusory allegations, and has not identified any sufficiently detailed actions by any individual Defendant, his claims must be dismissed because they are not plausible as pled. May's claims fail as pled for other additional reasons, as I will address below.

B. **Claims Based on Conditions of Confinement**

Relevant here, the Eighth Amendment governs claims brought by convicted and sentenced inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs similar challenges raised by pretrial detainees. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Unconstitutional punishment, be it under the Eighth Amendment applicable to convicted and sentenced prisoners or the Fourteenth Amendment applicable to pretrial detainees, typically includes both objective and subjective components.[4] *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks

---

[4] The Complaint does not specify whether May was a pretrial detainee or a convicted sentenced inmate. However, the same standard for considering May's conditions of confinement claim is applicable in either case. *See Edwards v. Northampton Cnty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (*per curiam*) ("[W]e agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees." (internal citations omitted).

whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Bell v. Wolfish*, 441 U.S. 520, 538-39, 539 n.20 (1979)). In general, a prisoner must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. *See Wilson*, 501 U.S. at 298-99; *see also Wilson v. Burks*, 423 F. App' x 169, 173 (3d Cir. 2011) (*per curiam*) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting *Farmer*, 511 U.S. at 837).

May claims that he was denied bedding for two-weeks, exposed to "freezing cold" air temperatures, and forced to share a cell with a "sickly" person. Although the conditions described by May may not be pleasant or desirable, his allegations accepted as true fail to allege how the complained of conditions were "sufficiently serious" to pose a substantial risk of serious harm to his health or safety, or that any Defendant knew of and disregarded that risk. Absent additional details and context related to the conditions of his confinement, May has not adequately stated a plausible claim.

### C. Claims Based on Disciplinary Placement

In addition to a general conditions of confinement claim, May contends that he was disciplined, i.e., "thrown in the hole," without a proper write-up. (Compl. at 4.) The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. As a threshold matter, "[i]t is axiomatic that a cognizable liberty or property interest must exist in the first instance for a procedural due process claim to lie." *Mudric v. Attorney Gen.*, 469 F.3d 94, 98 (3d Cir. 2006) (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972)); *see also Wolfe v. Pa. Dep't of Corr.*, 334 F. Supp. 2d 762, 773 (E.D. Pa. 2004). For a prisoner, a liberty interest arises when the prison "imposes

atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L.Ed.2d 418 (1995). "When considering whether an inmate's placement in segregated housing triggers a legally cognizable interest courts should consider: (1) the amount of time spent in segregation; and (2) whether the conditions of segregation were significantly more restrictive than those imposed on other inmates in segregation." *Allah v. Bartkowski*, 574 F. App'x 135, 139 (3d Cir. 2014) (*per curiam*). If a protected liberty interest is alleged, the next question focuses on whether the prisoner was provided with the process due, which includes "a meaningful opportunity to respond and be heard." *Id*. at 140. May does not allege any facts about the extent and conditions of his alleged disciplinary segregation, *i.e.*, time "in the hole." Nor does he allege any facts about process he was due but deprived prior to being placed in disciplinary segregation. Accordingly, May's due process claims will be dismissed.

**D. Claims Based on Lost Mail/Property and Frozen Phone Account**

May further claims that his legal mail and other unspecified property was "lost," and that his phone account was "frozen." (Compl. at 4.) To the extent that May also asserts a due process claim based on the loss of his legal mail and property, such a claim fails. A prisoner in Pennsylvania cannot state a constitutional claim based on the loss of his property because he has adequate post-deprivation remedies available to him. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available.'" (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984))); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (*per curiam*) (explaining that the Pennsylvania Tort Claims Act provides an

adequate remedy for a willful deprivation of property); *see also Shareef v. Moore*, 844 F. App'x 487, 488 (3d Cir. 2021) (*per curiam*) (finding no due process violation where inmate had access to adequate post-deprivation remedy to address confiscation and destruction of property and legal papers), *cert. denied*, 142 S. Ct. 146 (2021); *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000) (holding that prison grievance system provides adequate post-deprivation remedy to satisfy due process).

May's claim based on the denial of phone privileges similarly fails. To the extent May relies on the Eighth Amendment, his claim based on the deprivation of phone calls does not qualify as an Eighth Amendment violation. *See Castillo v. FBOP*, No. 05-5076, 2006 WL 1764400, at *6 (D.N.J. June 23, 2006) ("Indeed, telephone and visitation contacts do not qualify as minimal life's necessities, such as adequate food, clothing, shelter, sanitation, medical care and personal safety."). To the extent that May asserts a First Amendment claim based on his inability to make telephone calls during some unspecified period while at GWHCF, such claim is also not plausible as pled. Although prisoners may have a limited First Amendment right to communicate with family and friends, *see Overton v. Bazzetta*, 539 U.S. 126, 131-32 (2003), "prisoners 'ha[ve] no right to unlimited telephone use,' and reasonable restrictions on telephone privileges do not violate their First Amendment rights." *Almahdi v. Ashcroft*, 310 F. App'x 519, 522 (3d Cir. 2009) (*per curiam*) (quoting *Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994)). "[A] prisoner's right to telephone access is 'subject to rational limitations in the face of legitimate security interests of the penal institution.'" *Id*. (citing *Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir. 1986)). Moreover, where there are alternative means of communicating with persons outside of the prison, such as in person visits or mail, the restrictions on telephone use is more likely to be considered reasonable. *See Almahdi*, 310 F. App'x at 522; *Ortiz-Medina v. Bradley*, No. 19-2133, 2020 WL

8

362697, at *5 (M.D. Pa. Jan. 22, 2020). May provides no factual allegations about whether he had alternate means of communicating with family and friends, nor has he specified how his phone account was "frozen," and for how long. Without additional information, the Court is unable to discern a plausible constitutional violation. *Accord Aruanno v. Johnson*, 568 F. App'x 194, 195 (3d Cir. 2014) (*per curiam*) (holding that conclusory allegations "concerning [prisoner's] lack of phone access to friends and family" failed to state a claim). Accordingly, May's claims based on lost property and telephone usage will be dismissed.

In sum, May's claims fail as pled because, as noted above, he has not tied any Defendant's specific conduct to the alleged constitutional violations, the claims are vague and factually undeveloped, and the Complaint also lacks any factual allegations that support May's constitutional claims. However, because it is possible that May could cure the defects in his claims, he will be granted leave to file an amended complaint.

## IV.   CONCLUSION

For the foregoing reasons, I will grant May's request for leave to proceed *in forma pauperis*. I will dismiss with prejudice May's claims against GWHCF, and dismiss without prejudice May's claims against Grant, Jenkins, McDevitt, and Royales for failure to state a claim. May will be given the opportunity to file an amended complaint in the event he can state a plausible claim against an appropriate defendant responsible for the claimed constitutional violations. An appropriate Order follows.